Nightingale *v.* Walker.

---

## NIGHTINGALE *v.* WALKER.

'If the grantor conveys to the grantee the same lands that were conveyed to grantor by a deed clearly designated and of record in which the land is fully described, the discription is made good by such reference.

### ERROR *to Lee District Court.*

*Opinion by* GREENE, J.   An action of right by John M. Walker against John Nightingale.   Verdict and judgment for plaintiff.

The defendant now claims that the court below erred in admitting certain deeds in evidence, which were offered in support of the plaintiff's title.  The only objection we are called upon to notice, is the defective description of land in the conveyance from Field to McKee.  In this deed Field sells to McKee all his "right and title in and to the lands and tenements I bought from Uriel Wright, Esq., for his one undivided share in the half breed tract of land lying and being on the Des Moines and Mississippi rivers, for and in consideration of the sum of one hundred dollars to me in hand paid by the said John McKee, the receipt whereof, I do now fully acknowledge, that the said McKee and his assigns may have and hold all the said land, the same as I bought it from said Wright, reference to his deed of record at or near Fort Madison, Iowa, will more fully show."

The description of land in this deed is altogether vague and insufficient; but it refers to a deed from Wright to Field, in which the land is described with certainty.  The deed from Field to McKee expresses the intention of the grantor to convey the same land on the half breed tract that had been conveyed to him by deed from Uriel Wright as recorded.  That deed was also produced in evidence containing a full and specific description of the land.  In order to

ascertain the intention of the parties, these deeds should be considered together. The deed from Field refers to and adopts the description contained in the deed from Wright to him and thus the land intended to be conveyed is clearly ascertained.

In *Allen* v. *Bates*, 6 Pick. 460, it is held that the description in a deed, referring to another deed, may be made sufficiently certain by the reference. To this rule we can see no valid objection. It is not repugnant to the established doctrine of construction, nor to any authority to which we have had access.

By a proper reference of one deed to another, the description in the latter may be considered as incorporated in the former, and both be read as one instrument for the purpose of identifying the property conveyed or to correct any inaccuracy or deficiency in the description; *Everett* v. *Thomas*, 1 Iredell, 252; *Ritter* v. *Barrett*, 4 Dev. and Batt. 133; *Field* v. *Huston*, 8 Shep. 69.

We are clearly of the opinion that the deeds in the present case were correctly admitted in evidence.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*L. R. Reeves*, for defendant.